## MARY J. MULLEN
### *vs.*
## ERMA S. ARMSTRONG ET ALS.

Superior Court     New Haven County     File No. 64853

MEMORANDUM FILED SEPTEMBER 13, 1944.

*Lyman H. Steele,* of New Haven, for the Plaintiff.

*Woodhouse & Schofield,* of Hartford, for the Defendant Armstrong.

*Martin E. Gormley* and *Francis J. Moran,* of New Haven, for the other Defendants.

SHEA, J. On September 5, 1943, at about 7:25 a.m., the plaintiff was riding as a passenger in a Packard automobile owned and driven by the defendant Erma S. Armstrong. The car was proceeding in an easterly directiion on the Boston Post Road near the intersection with Neck Road in the Town of Madison, when it was involved in a collision with a Ford car owned by the defendant Salvatore DiChiara and driven by the

defendant John Picano. The Ford car was proceeding in a westerly direction on the Post Road. As a result of this collision the plaintiff sustained serious injuries.

. At the point where the collision occurred, the Boston Post Road is constructed of two lanes of concrete and is about twenty feet in width. Macadam shoulders approximately six feet in width are on each side of the highway. The Packard car was going around a curve to its left. On this curve the westbound lane of the highway is banked to the north while the eastbound lane is banked to the south, thus making the center line of the highway higher than either edge of it. It was raining at the time.

The accident occurred on Sunday, the day before Labor Day. The occupants of the Packard car had left Washington, D.C., on Saturday morning, September 4th, around ten o'clock in the morning and they were on their way to Falmouth, Massachusetts, to visit the plaintiff's husband who was stationed with the Armed Forces at Camp Edwards. Before leaving on this trip Mrs. Armstrong had discussed the trip with Mrs. Young, who also accompanied her. The tires on the Packard car were smooth and Mrs. Armstrong in discussing the contemplated trip with Mrs. Young expressed concern about the tires. She said she didn't know whether to have the tires retreaded or to put the car in dead storage. The parties stayed at the Garde Hotel in New Haven Saturday night and they left the hotel about 7:00 a.m. on the morning of the accident.

At the time of the collision Mrs. Armstrong was driving between forty and fifty miles an hour. Her car was in the middle of the highway as she came around the curve to her left and it zigzagged back and forth and she was unable to keep it under control. The car finally swerved to its left across the highway into the path of the oncoming car and the two cars collided. The operator of the Ford car was proceeding along on his own righthand side of the road and did what he could to avoid the collision. The accident was caused by the negligence of the defendant Armstrong, who was aware of the smooth condition of the tires on her car and attempted to drive around this curve on a wet highway at a fast and unreasonable rate of speed.

At the conclusion of the plaintiff's case judgment was entered for the defendants John Picano, Salvatore DiChiara and Gui-

seppi DiChiara, upon the understanding that costs would not be taxed by these defendants against the plaintiff.

The plaintiff sustained a deep and ragged laceration of her scalp, a fracture of the right radius and a fracture of the pelvis. At the time of her admission to the hospital she was bleeding profusely from the scalp wound and she had several blood transfusions. She was unconscious and for the first twenty-four hours of her stay in the hospital she was considered a practically hopeless case. She recognized her husband on the third day after the accident and slowly she became aware of her environment. She was able to speak coherently for the first time on September 9th and on the fifth day after her admission to the hospital she became totally rational although she was very uncomfortable. She had a pelvic sling and both legs were kept in extension with traction during most of her stay in the hospital, from which she was discharged on October 20th.

At the time of the trial there was still some tenderness in the plaintiff's right arm but there was no limitation of motion and the bones of the forearm were completely healed. She could bend backwards and to the side but forward bending was limited. There is a permanent deformity of the pelvic inlet and there is some hyperesthesia of the scalp. In order to pick up an object from the floor it is necessary for her to squat down as she is unable to bend forward to that extent.

Her special damages are as follows:

| | |
|---|---:|
| Griswold Post American Legion (ambulance) . . . . $ | 21.00 |
| John C. Mendillo, M.D. . . . . . . . . . . . . . . . . . . . . . . | 348.00 |
| Bryan P. Warren, M.D. . . . . . . . . . . . . . . . . . . . . . | 30.00 |
| Clothing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 79.85 |
| New Haven Hospital . . . . . . . . . . . . . . . . . . . . . . . | 418.17 |
| Nursing . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | 300.00 |
| Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ | 1,197.02 |

Enter judgment for the plaintiff to recover of the defendant Erma S. Armstrong the sum of $9,197.02, together with her costs.